## Rust v. Schwiening.

[No. 10,137. Filed November 21, 1919. Rehearing denied February 6, 1920.]

1. ASSAULT AND BATTERY.—*Future Suffering.—Sense of Humiliation.—Available Though Not Specially Pleaded.*—In an action for assault and battery, future suffering through the consciousness of a feeling of personal humiliation which is the natural and direct consequence of an injury is not a matter of special damages, and recovery may be had therefor without special allegations in reference thereto. p. 499.

2. APPEAL.—*Briefs.*—*Waiver by Failure to Discuss.*—*Office of Reply Brief.*—Grounds for error in instructions not pointed out in appellant's brief are waived, and cannot be raised by reply briefs. p. 500.

3. ASSAULT AND BATTERY.—*Damages.*—*Presumptions.*—In cases of assault and battery the law will imply some damage by reason of the disregard and violation of an absolute right of the individual. p. 501.

4. ASSAULT AND BATTERY.—*Damages.*—*Evidence of Plaintiff's Condition After Attack.*—In an action for assault and battery by spitting in the face, evidence of plaintiff's condition, mentally and physically, after such attack and as a result thereof was admissible. p. 501.

5. ASSAULT AND BATTERY.—*Damages.*—*Amount.*—A verdict of $350 is not excessive in an action for assault and battery committed upon the plaintiff by applying opprobrious epithets to plaintiff and twice spitting in his face, at the funeral of plaintiff's cousin, in the room where were the remains. p. 502.

From Lake Circuit Court; *John B. Peterson,* Special Judge.

Action by William Schwiening against Henry Rust. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George E. Hershman,* for appellant.

*Otto J. Bruce,* for appellee.

ENLOE, J.—Action by appellee against appellant for damages for assault and battery. The complaint was in one paragraph, to which there was answer in general denial. The cause was submitted to a jury, which found for appellee, and assessed his damages at $350, for which sum the court rendered judgment. Appellant's motion for a new trial being overruled, he prosecutes this appeal.

The only alleged error appellant has presented for our consideration is the action of the court in overruling his motion for a new trial.

The assault and battery complained of took place, as shown by the record, under the following circumstances: The appellee was at the time of the assault at the home of one Bosel, who had married a cousin of appellee; that he had been called to said home by phone, on account of the death, that day, of his said cousin, Mrs. Bosel; that he arrived at the Bosel home about 7 p. m.; that the appellant was at said home at the time; that prior to said day appellee and appellant had not been on friendly terms, and had not spoken, when they met, for about four years; that appellant and appellee first met on the evening in question, when appellee went into the room where the body of his cousin was lying, to view the remains; that appellant then and there accosted him, and called him by several opprobrious epithets, and twice spit in the face of appellee, deliberately and intentionally.

The giving of the sixth and seventh instructions given at the request of the appellee is first complained of. In the sixth instruction the jury were told, among other things, that, in considering appellee's damages, they might allow him compensation *for future suffering,* and it is objected that this was not proper because the complaint contained no allegation of permanent injury, nor concerning future pain and suffering, and that therefore the jury had no right to consider such elements as future pain and suffering, mental or physical, in considering the damages to be awarded.

There is no merit in this contention. In the case of *Morgan* v. *Kendall* (1890), 124 Ind. 454, 24 N. E. 143, 9 L. R. A. 445, it was said: "The complaint in this case alleges that by reason of the injuries inflicted by the appellants he was hurt and injured, and became and was sick. Under these allegations we

think the appellee might prove the extent of his injuries, as well as the extent of his physical and mental suffering, resulting immediately from the assault and battery alleged in his complaint. Such physical and mental suffering was not the subject of special damages within the legal meaning of that term, and it was not necessary to specifically set them out * * *." In the case of *McGlone* v. *Hauger* (1914), 56 Ind. App. 243, 104 N. E. 116, it was said: "The law will presume, in cases like the one at bar, that the victim of such assault was damaged thereby." And it has been repeatedly held that any natural and direct consequence of an injury is not a matter of special damages, and recovery may be had therefor, without special allegations in reference thereto. *Wright* v. *Compton* (1876), 53 Ind. 337; *Cox* v. *Vanderkleed* (1863), 21 Ind. 164.

Upon the facts shown in this record, unless the appellee be a person wholly without any sense of personal honor, personal pride, or of what the word "manhood" signifies, coupled with an entire lapse of memory, he will ever carry with him a consciousness of his treatment on the day and at the time in question; and, if he has a man's appreciation of a man's rights, privileges, and honor, he can never, and will never, think of this occurrence except with a feeling of humiliation. This instruction is not open to the objections which the appellant has made.

2. The seventh instruction, given at request of the appellee, is challenged by appellant as being wrong in three several particulars, set forth in his brief as specifications "A," "B," and "C." This instruction is not open to either of the criticisms complained of, and we do not search the record to determine whether it be objectionable as to

any other matter. If it was erroneous as to other matters, it was the business of counsel for appellant to point out such defect, if he desired to object thereto on such ground, and, not having in his brief assailed said instruction on any other ground than those specified, all others are waived; and an attempt by appellant to raise such additional questions in a reply brief, as he has sought to do in this case, cannot succeed. Rule 22, Supreme Court; *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 34 Ind. App. 625, 73 N. E. 620; *Martin* v. *Martin* (1881), 74 Ind. 207; *Malott, Rec.,* v. *State, ex rel.* (1902), 158 Ind. 678, 64 N. E. 458; *White* v. *Sheetz* (1897), 17 Ind. App. 699, 45 N. E. 673; *State, ex rel.* v. *Birden* (1918), 187 Ind. 466, 119 N. E. 865; *Sullivan* v. *Hoopengarner* (1911), 49 Ind. App. 54, 96 N. E. 620; *City of Anderson* v. *Neal* (1882), 88 Ind. 317; Elliott, App. Proc. §444.

3. Instruction No. 1, requested by appellant, was not a correct statement of the law, as applied to a case like the instant one. We have hereinbefore said that in cases of assault and battery—cases wherein an absolute right of the individual is disregarded and violated—the law will imply some damage. The said instruction was at variance with this rule, and it was rightfully refused.

4. Complaint is also made that improper evidence was permitted, over objection of appellant, to go to the jury. The evidence in question had relation to the condition of the appellee, mentally and physically, after this attack upon him, and as a result thereof. It was properly admitted. Appellant's contention that, because appellee did not then and there suffer some *physical injury,* such, for instance, as would be attendant upon a severe beating

with a club or other weapon, there can be no mental anguish or other disturbance of the mind which would entitle appellee to damage, is not the law.

The act in question, committed by appellant as found by the jury, was one of the greatest indignity, highly provocative of a retaliation by force, and the law should not, and does not, attempt to weigh and measure the damages occasioned thereby with such nicety as to attempt to see "if the scales do turn but in the estimation of a hair," and therefore leaves it to a jury to award compensation for all the pain and suffering, physical or mental or both, which a party may suffer as the result of such dastardly conduct. The act of which the jury found appellant guilty was a personal insult—mean and deadly. It was one of the most unendurable indignities to which human nature can be subjected, and the testimony, if it is to be believed, shows that it was not without its effect upon the appellee. Such an act as that of which appellant has been found guilty has been characterized "as the very refinement of malice."

Upon the record in this case, had the verdict of the jury been for several times the amount it was, we would not feel called upon to disturb it. The party who out of the wickedness of his own heart commits the act of which the jury in this case found appellant guilty has very little, if any, room to say that a verdict finding him so guilty, and assessing damages, was the result of passion or prejudice. Appellant should consider himself very fortunate that the verdict was not for a much larger sum.

No reversible error has been presented, and the

judgment of the Lake Circuit Court is therefore affirmed.

McMahan, J., not participating.