FRANCIS D. BOND vs. INHABITANTS OF BILLERICA.

MABEL H. BOND vs. SAME.

WILLARD F. BOND vs. SAME.

ALVIN F. BOND vs. SAME.

Norfolk.   January 16, 1920. — February 27, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Way*, Public: want of railing.  *Motor Vehicle.*

In an action against a town under St. 1917, c. 344, Part IV, § 24, for personal injuries alleged to have been sustained by reason of a want of a sufficient railing upon a way approaching a bridge over a river, there was evidence tending to show that in November, 1918, at the time of the accident, the plaintiff was driving in a motor car of the type known as a " Ford touring car" upon an asphalt road; that he was on the right hand side of the road, which, after turning sharply to the left, proceeded one hundred feet to the bridge; that, after he had made the turn and when he was proceeding at the rate of about twelve or fifteen miles an hour with the left hand wheels of the motor car on the asphalt of the road, which there was narrow, the right hand wheels, at a distance of about twenty-five feet from the bridge, ran into sand and loose material which caused the car to swerve suddenly to the left; that he at once threw out the clutch and applied the brakes but was unable to stop the car within thirty or forty feet, so that it ran over the embankment into a river.  *Held*, that

(1) There was evidence warranting a finding that a want of a sufficient railing upon the highway caused the injury to the plaintiff;

(2) It could not be said as a matter of law that the plaintiff's loss of control of the motor car was more than momentary.

Although a municipality is not required to erect, between a highway and an embankment bordering a river, a railing of sufficient strength to protect a motor vehicle of great weight, as compared to a horse-drawn vehicle, from going over the embankment, it *seems* that a railing might be found to be sufficient to insure the safety of ordinary travel and therefore sufficient to prevent the municipality from being liable under St. 1917, c. 344, Part IV, § 24, for injury or damage caused by want of a sufficient railing, if it was of a character to prevent a motor car of the type known in November, 1918, as a "Ford touring car" from running over the embankment where, when going at the rate of from twelve to fifteen miles an hour, the car had swerved and, with its clutch thrown out and its brakes set, had crossed the road to the embankment.

FOUR ACTIONS OF TORT, the first, second and fourth being for personal injuries received on November 16, 1918, when the plaintiffs were riding in a "Ford touring car" belonging to the plaintiff

in the third action, which ran from the Boston Road down an embankment into the Concord River in the town of Billerica. The third action is for damages to the motor car. Writs dated December 26, 1918.

The actions were tried together before *Lawton*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor in each action. The motions were denied. The defendant then asked that the jury be instructed as follows: "The liability of the town for an injury to a traveler, occasioned by a defect or want of repair in a highway, depends upon proof that the defect itself caused the injury. If a want of due care on the part of the plaintiff, Francis D. Bond, the operator of the automobile, contributed to cause the injury, none of the plaintiffs can recover, and if without fault or negligence on the part of the plaintiff, Francis D. Bond, his automobile got beyond his control, and became wholly unmanageable, so that no care could be exercised by him in respect to it, and this condition of things was not produced by a defect in the highway, the town is not responsible for what may have happened in consequence, even if the automobile upset at a place where the highway was defective, either for want of repair in the highway itself, or for want of a suitable railing."

The requests were denied. The jury found for the plaintiff in each action: in the first action in the sum of $1,000; in the second in the sum of $500; in the third in the sum of $250, and in the fourth in the sum of $100. At the request of the defendant, the judge reported the case for determination by this court.

*F. S. Harvey*, for the defendant.

*G. Hoague*, for the plaintiffs.

CARROLL, J. The plaintiffs, while riding in a Ford automobile driven by the plaintiff Francis D. Bond, were injured on a public highway known as the Boston road in the defendant town. Near the scene of the accident the road turns sharply to the left at a point about one hundred feet from where it enters a bridge which spans the Concord River. Southerly, the highway is built up to the level of the bridge. The automobile was on the right hand side of the road and had just made the curve, when, according to the plaintiff's testimony, because of the presence of sand and

loose material in the highway, it suddenly swerved to the left, crossed the highway and went over the embankment into the river, at a point about fifteen feet southerly of the entrance to the bridge. The only cause of action relied on was the absence of a sufficient railing. The jury found for the plaintiffs. The case is before us on the refusal of the court to instruct the jury as requested by the defendant, and to direct a verdict in its favor.

The defendant contended that there was no evidence that the highway was unsafe for travel generally, and that the driver had lost control of the automobile. Cities and towns are required to keep their ways reasonably safe and convenient for travel generally, including that undertaken in automobiles as well as in horse-drawn vehicles, and if the ways are safe for travel generally, they are not obliged to make special provision to keep them safe for the passage of automobiles and other machines which were un-thought of when the laws imposing the general duty of the care of highways and liabilities for the defects therein, were enacted. A railing may be found to be necessary for the safety of ordinary travel when there is a dangerous declivity near the line of travel. And from all the evidence, including the exhibits, the jury could say that the river was so close to the embankment, and the descent so dangerous, that in the exercise of reasonable diligence a railing should have been provided. *Hinckley* v. *Somerset,* 145 Mass. 326. *Carville* v. *Westford,* 163 Mass. 544, 557. *Thompson* v. *Boston,* 212 Mass. 211. *McMahon* v. *Harvard,* 213 Mass. 20.

The defendant was not obliged to erect a barrier strong enough to protect an automobile, which might be of great weight when compared with a horse-drawn vehicle, from going over the em-bankment. All it was required to do was to erect a railing, if a railing was found to be necessary, which would be a sufficient pro-tection for ordinary travel, or travel generally. Cases may arise where a railing entirely adequate to the demands of ordinary travel might be found incapable of preventing a heavy motor car, moving perhaps at a high rate of speed, from going over the embankment; and a defendant would be under no liability at law to the injured occupants of such a machine. But in the case at bar, the machine was a Ford automobile. There was evidence that it was going at a rate of twelve to fifteen miles an hour, and the jury could say that a railing suitable for the safety of travel

generally, would have prevented the car and its occupants from injury. See *Doherty* v. *Ayer*, 197 Mass. 241; *Sawin* v. *Connecticut Valley Street Railway*, 213 Mass. 103, 106; *Kelleher* v. *Newburyport*, 227 Mass. 462.

It cannot be said as matter of law that the driver's loss of control was more than momentary. He testified that about twenty or twenty-five feet from the place where he went over the abutment, while the left wheels were in the asphalt the right wheels struck the soft dirt and loose sand; that the car began to skid and he at once threw out the clutch and applied his brakes, but could not stop his car in less than thirty or forty feet; and that the roadway was so narrow, he could not stop the car before he reached the abutment. It was for the jury, under all the circumstances shown in the evidence, to decide whether the machine was beyond the permanent restraint of the driver and that he had no control over it; or, that the loss of control was merely momentary, where, under ordinary circumstances, the power to manage the machine could be regained. *McMahon* v. *Harvard, supra*. *Hinckley* v. *Somerset, supra.*

The defendant's request was not given in words, but all that was asked for was fully covered in the judge's charge. The exceptions should be overruled; and judgments on the verdicts are to be entered for the plaintiffs.

*So ordered.*