CITY OF INDIANAPOLIS v. MOSS, ADMINISTRATOR.

[No. 10,502.  Filed November 17, 1920.]

1. MUNICIPAL CORPORATIONS.—*Streets.*—*Maintenance.*—*Care Required.*—Cities are charged with the duty of maintaining their streets in a reasonably safe condition for travel by persons lawfully using them in a reasonably prudent manner.  p. 133.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Maintenance.*—*Care Required.*—The duty of a city to maintain its streets in a reasonably safe condition is not discharged by keeping the traveled portions free from obstructions and defects, but requires the use of ordinary care to protect persons lawfully using the streets in a reasonably prudent manner from dangerous places near the traveled portion, although outside of it.  p. 133.

3. MUNICIPAL CORPORATIONS.—*Streets.*—*Maintenance.*—*Care Required.*—While cities are required to exercise ordinary care to keep their streets reasonably safe for ordinary public travel, including the use of automobiles thereon, their duty in that regard in any given case must be determined by the general rule with reference to the safety of streets, and not by the adoption of some special rule applicable only to those using some particular mode of travel.  p. 134.

4. MUNICIPAL CORPORATIONS.— *Street.*— *Maintenance.*— *Barrier Between Street and Stream.*—*Duty to Erect.*—Where a city street ran parallel with a creek, the bed of which was twenty feet below the traveled portion of the street, with a bank sloping at an angle of forty-five degrees from the top of a supporting wall extending several feet above the normal level of the water, ordinary care required the erection and maintenance of a barrier for the protection of the public travel on such street.  p. 134.

5. APPEAL. — *Review.* — *Evidence.* — *Sufficiency.* — In an action against a city for the death of plaintiff's wife, who was killed when his automobile went through a fence on the bank of a creek running parallel with a street, the court, on appeal from

a judgment for plaintiff, must accept as true evidence tending to show the insufficiency of such fence as a protecting barrier, even though such evidence is strongly contradicted.     p. 135.

6.  MUNICIPAL CORPORATIONS.— Streets.— Maintenance.— Insufficiency of Barrier Between Street and Stream.—Negligence.— Where due care required that a city erect a barrier between a street and a creek bank running parallel with it for the protection of the traveling public, evidence that the only barrier maintained was a fence, the base of which was lower than the traveled portion of the street and consisted of small posts, set insecurely in the ground about eight feet apart, to which a small top rail and a string of light boards were fastened horizontally, warranted a finding of the city's negligence in an action against it for the death of a passenger in an automobile which ran through the fence.     p. 135.

7.  MUNICIPAL CORPORATIONS.— Streets.— Maintenance.— Negligence.—Failure to Maintain Barrier Between Street and Creek. —Although due care required a city to maintain a barrier between a street and a creek bank running parallel with it, the failure of the city to maintain a sufficient barrier does not warrant a recovery for the death of a passenger in an automobile which went through the barrier, unless the automobile would have been restrained by such a barrier as should have been maintained.  ·p. 135.

8.  MUNICIPAL CORPORATIONS.— Streets.— Maintenance.— Negligence. — Wrongful Death. — Jury Questions. — In an action against a city for the death of a passenger in an automobile which went through a fence on the bank of a creek, evidence held to make it a question for the jury whether such a barrier as the city should have maintained would have restrained the automobile and prevented the accident.     p. 136.

9.  APPEAL.— Review.— Verdict.— Conclusiveness.— In an action against a city for the death of plaintiff's wife killed when his automobile went through a fence on the bank of a creek which ran parallel with a street, where there was some evidence to sustain the jury's finding that a proper barrier would have stopped the automobile, the court on appeal is bound by such finding.     p. 136.

10.  MUNICIPAL CORPORATIONS.—Streets.—Maintenance.—Barrier Between Street and Creek.—Sufficiency.—Where an automobile ran through a fence between a street and a creek bank running parallel with it when the driver lost control of the machine because of the locking of the steering gear, the fact that the city could not have anticipated the locking of the steering·gear does not relieve it from liability if conditions were such as to require the erection of a barrier, since the city should have

City of Indianapolis *v.* Moss, Admr.—74 Ind. App. 129.

anticipated that some vehicle from some cause might have come in contact with a force that might be overcome by reasonable resistance. p. 136.

11. MUNICIPAL CORPORATIONS. — *Streets.* — *Maintenance.*— *Care Required.*—A city is only required to guard against such dangers in streets as can, or ought to be foreseen, in the exercise of reasonable prudence and care. p. 136.

12. MUNICIPAL CORPORATIONS. — *Streets.* — *Personal Injuries.* — *Contributory Negligence.*—*Jury Question.*—In an action against the city for the death of plaintiff's wife, killed when the steering gear of his automobile became locked, causing the automobile to run through a fence on the bank of a stream running parallel with a street, *held* that under the evidence the question of contributory negligence was for the jury. p. 137.

13. APPEAL.—*Waiver of Error.*—*Briefs.*—Specifications in the motion for new trial predicating error on the giving of instructions are waived where appellant fails to mention such specifications with propositions or points in its brief. p. 137.

14. TRIAL.—*Instructions.*—*Incorporating Complaint.*—It is not error to embody the whole complaint in an instruction to the jury, but the court should avoid such a practice where the complaint contains much surplusage or many repetitions and the evidence shows that the facts alleged are greatly exaggerated. p. 138.

15. APPEAL.—*Review.*—*Instructions.*—*Sending Pleadings to Jury Room.*—Even though the jury was instructed that it would have the pleadings with them in the jury room, it cannot be presumed that the pleadings were actually sent to the jury room where the record does not show such fact. p. 138.

16. MUNICIPAL CORPORATIONS. — *Streets.* — *Personal Injuries.*— *Guarding Streets.*— *Instructions.*— *Certainty.*— In an action against a city for the death of plaintiff's wife, who was killed when his automobile ran through an insufficient fence between a street and a stream running parallel with it, instructions as to the duty of the city in reference to maintaining a barrier at the place of the accident *held* not misleading as being too general in their scope. p. 139.

17. APPEAL.—*Briefs.*—*Waiver of Error.*—*Objections to Instructions.*—Objections to instructions which are not stated in the propositions or points in appellant's brief will not be considered. p. 140.

18. APPEAL.—*Review.*—*Refusal of Instructions.*—It was not reversible error to refuse an instruction, the substance of which was fairly covered by others given. p. 140.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by George B. Moss, administrator of the estate of Effie Moss, deceased, against the city of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel Ashby, D. H. Bynum* and *Harry E. Yockey,* for appellant.

*Henry Spaan,* for appellee.

BATMAN, J.—This is an action by appellee, George B. Moss, as administrator of the estate of his deceased wife, Effie Moss, against appellant to recover damages on account of the death of said decedent, which it is alleged was caused by the negligence of appellant. The cause was tried by a jury, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal. The record discloses that the decedent met her death in the following manner: A bridge extends east and west across Eagle creek on Raymond street, which intersects Belmont avenue, running north and south, immediately east of said bridge. Persons crossing said bridge and desiring to go north on said avenue must take a sharp turn to the left. From the east end of said bridge said avenue follows along the bank of said creek for some distance. A stone or cement wall extends along said east bank toward the north from the east end of said bridge. From the top of this wall the bank slopes upward to the edge of the traveled portion of said avenue. A post and board fence extends north from the east end of said bridge along the slope of said bank, its base being lower than the roadway. On May 10, 1917, between four and five o'clock in the afternoon, said George B. Moss, in company with his wife and others, was driving his Ford automobile eastward across said bridge. When he

reached the east end thereof, he turned the steering gear of his automobile so as to guide it to the left, in order to make the turn into said avenue. It responded to his guidance and made the turn, but, when he attempted to straighten the front wheels of his automobile so as to follow the course of said avenue along the east bank of said creek, he found that the steering gear thereof had become locked so that he could not operate the same. After discovering this, he made an effort to stop his automobile, but did not succeed in doing so. As a result it continued turning toward the left and moving forward, until it struck said fence, broke through the same, went down said bank and over said wall, and plunged into said creek, where the decedent was drowned.

The negligence charged in the complaint is the failure on the part of appellant to erect and maintain a sufficient barrier between the avenue and the creek.

1. It is well settled that cities are charged with the duty of maintaining their streets in a reasonably safe condition for travel by persons lawfully
2. using the same in a reasonably prudent manner. *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119. This duty is not discharged by keeping the traveled portions thereof free from obstructions and defects, but requires that they use ordinary care to protect persons lawfully using their streets in a reasonably prudent manner from dangerous places near such traveled portions, although outside of it. *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47. When this duty was first announced, the mode of travel over public highways was on foot, on horseback, or in animal-drawn vehicles. Subsequently bicycles came into general use thereon, as a means of travel, and it was generally held that, while this mode was permissible and cities were bound to use

ordinary care to keep their streets reasonably safe for travel thereby, they were not required to make special provisions for the safety of persons traveling in such manner. *Doherty* v. *Ayer* (1908), 197 Mass. 241, 83 N. E. 677, 14 L. R. A. (N. S.) 816, 125 Am. St. 355; *Molway* v. *City of Chicago* (1909), 239 Ill. 486, 88 N. E. 485, 23 L. R. A. (N. S.) 543, 16 Ann. Cas. 424; *Bethel* v. *St. Joseph* (1914), 184 Mo. App. 388, 171 S. W. 42; *Emelle* v. *Salt Lake City* (1919), (Utah) 181 Pac. 266. Since automobiles have come into general use on public highways, this rule has been held to apply to them. *Kelleher* v. *Newburyport* (1917), 227 Mass. 462, L. R. A. 1917F 710, 116 N. E. 806; *Bond* v. *Billerica* (1920), 235 Mass. 119, 126 N. E. 281. These authorities support the conclusion that, while cities are required to exercise ordinary care to keep their streets reasonably safe for ordinary public travel, including the use of automobiles thereon, their duty in that regard in any given case must be determined by the general rule with reference to the safety of streets, and not by the adoption of some special rule, applicable only to those using some particular mode of travel.

With this statement of the law we shall now consider appellant's contention that the verdict is not sustained by sufficient evidence, and is contrary to law.

4. The record discloses that Belmont avenue, north of the bridge over Eagle creek, runs for some distance parallel with the east bank of said creek; that for a portion of the way said bank is supported by a stone or cement wall, extending four or five feet above the normal level of the water; that from the top of this wall the bank slopes upward a few feet, at an angle of about forty-five degrees, to the traveled portion of said avenue, the surface of which is about twenty feet above the bed of said creek. These facts would warrant a finding that ordinary care on the part of the

appellant required that a barrier be erected and maintained along the west side of said avenue at such place for the safety of public travel thereon.  The evidence regarding the discharge of this duty is widely conflicting, but there is some evidence tending to show that for two years or more prior to the accident in question a post and board fence had been maintained along the east bank of said creek above said stone or cement wall, the base of which was lower than the traveled portion of said avenue; that it was constructed of small posts, set insecurely in the ground about eight feet apart, to which a small top rail and a string of light boards were fastened horizontally.  On appeal we must accept the facts which this evidence tends to prove as true, although it is strongly contradicted and not entirely satisfactory.  *Shores-Mueller Co.* v. *Best* (1918), 66 Ind. App. 649, 118 N. E. 688; *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518, 119 N. E. 725.  These facts would warrant a finding that appellant had not exercised due care to maintain said avenue in a safe condition for ordinary travel at the place in question.

It does not follow, however, that, because appellant should have maintained a barrier along the east bank of said creek, where the accident in question occurred, of sufficient strength to have made said avenue reasonably safe for ordinary travel by the usual modes, including automobiles, and failed to do so, appellee can recover in the absence of contributory negligence.  If these facts be true, the question as to whether a barrier such as appellant should have maintained at such place would have restrained the automobile in question and prevented the accident would still remain.  The evidence in this regard tends to show that said automobile was a light machine with only ordinary power; that when it struck the fence in ques-

tion it was only moving at a speed of four or five miles an hour, with the gas turned off and the brakes set; and that the collision did not cause a crashing noise, or a jar to the automobile. Under this evidence it was for the jury to say whether a barrier, sufficient for the safety of travel generally on said avenue, would have restrained said automobile, and prevented it from plunging into the waters of the creek below. *Bond* v. *Billerica, supra.* The jury found in favor of appellee on this question, and since there is some evidence to sustain it, we are bound thereby.

Appellant seeks to avoid a recovery in this action on the ground that the accident, resulting in the death of appellee's decedent, was a mere mishap, which a reasonably prudent person might and could not have anticipated as likely to occur in the ordinary travel of the public over said avenue. It may be conceded that a city is only required to guard against such dangers in streets as can or ought to be foreseen, in the exercise of reasonable prudence and care. *Town of Spencer* v. *Mayfield* (1909), 43 Ind. App. 134, 85 N. E. 23. It may be true, as appellant contends, that the locking of steering gears on automobiles is so rare that appellant cannot be held negligent for failing to anticipate that it might occur along that portion of said avenue, and to guard against the possible dangers arising therefrom. And it may also be true, as it no doubt is, that appellant was not required to construct a barrier so strong that it would prevent automobiles going over said embankment, if the driver loses control thereof, regardless of their weight and power, and the force with which they may strike such a barrier. Still, if conditions were such that ordinary care for the safety of those traveling said avenue by the usual modes required that a barrier should be erected and maintained on the west side

thereof at the place in question, it was manifestly appellant's duty to have anticipated that some vehicle from some cause, whether it be horse-drawn or motor-driven, might leave the traveled portion of such avenue and come in contact with such barrier, notwithstanding the care of the driver, with a force that might be overcome by reasonable resistance, and to have made provisions against dangers arising therefrom. The cause of such an occurrence would not be a controlling factor, as a person would have a right to the protection which a proper barrier would afford, whether the danger arose from the shying of a horse drawing a carriage, or the locking of the steering gear of an automobile.

Appellant contends that the evidence shows that the decedent's husband was guilty of negligence in the operation of his automobile at the time of the accident in question; that such negligence contributed to the death of his decedent, and therefore he cannot recover under the facts of this case. The evidence tends to show that when her husband's said automobile left the east end of said bridge, and started to make the turn into Belmont avenue, he was driving at a speed not exceeding seven miles an hour; that he believed his automobile was in good running order, and attempted to make said turn in a proper manner; that in so doing he discovered that its steering gear was locked, and that his automobile could not be guided thereby; that he then made an effort to stop the same by turning off the gas and setting its brakes, but did not succeed in his efforts. Under this evidence the question of contributory negligence was for the jury. Appellant's contention, therefore, cannot be sustained.

Appellant, in his motion for a new trial, alleges that the court erred in giving each one of a large number of instructions, but in that portion of its brief devoted to a statement of its propositions or

points only six are mentioned.   Any objections to the other instructions given are thereby waived.  *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242.   It is asserted that the court abused its discretion by reading to the jury in its first instruction the whole of the complaint, and in sending the same to the jury room with directions that they read it, while deliberating concerning their verdict.   It has been held repeatedly that it is not error to embody the complaint in a cause in an instruction given to the jury.   *Clouser* v. *Ruckman* (1886), 104 Ind. 588, 4 N. E. 202; *Blair-Baker Horce Co.* v. *First Nat. Bank* (1905), 164 Ind. 77, 72 N. E. 1027; *Sturgeon* v. *Sturgeon* (1891), 4 Ind. App. 232, 30 N. E. 805; *Ohio, etc., R. Co.* v. *Smith* (1892), 5 Ind. App. 560, 32 N. E. 809; *Collins* v. *Williams* (1898), 21 Ind. App. 227, 52 N. E. 92; *Woodruff* v. *Hensley* (1901), 26 Ind. App. 592, 60 N. E. 312; *Angola R., etc., Co.* v. *Butz* (1913), 52 Ind. App. 420, 98 N. E. 818; *Vandalia Coal Co.* v. *Moore* (1919), 69 Ind. App. 311, 121 N. E. 685.   However, where a complaint contains much surplusage or many repetitions, and the evidence shows that the facts stated are greatly exaggerated, the court should avoid such a practice.   The instruction to which this objection is made is not set out in any of the briefs, but appellant states that, after reading the same to the jury, the court as a part of said instruction concluded as follows:   "You will have the complaint and answer with you in the jury room to read for yourselves."   It then asserts that it will be presumed that the jury were given the pleadings, and that they obeyed the admonition of the court.   We cannot indulge such a presumption, and since the record does not disclose that the pleadings were actually sent to the jury room or, if so, that appellant made any objection

thereto, no question in that regard is presented for our consideration.

The only other objection made by appellant in its propositions or points relating to the instructions given refers to those numbered 14, 16, 18, 19, and 21, and it is as follows: "That each of said instructions was irrelevant and not applicable to the facts in the case, but were so general in their scope as to mislead the jury as to the duty and obligation of the city as to the character of the barrier or railing which it was the duty of the city to erect and maintain along the west side of Belmont avenue north of the Eagle Creek bridge." We cannot agree that any one of said instructions was irrelevant, and not applicable to the facts in the case, but believe the contrary to be clearly true. We further believe that, when the instructions given are considered as a whole, they fairly state the law relating to appellant's duty with reference to the erection and maintenance of a barrier at the place in question. It will be observed that no contention is made that the instructions were of such a nature as to mislead the jury as to the duty of appellant to erect and maintain a barrier at such place, but were only so general in their scope as to mislead the jury as to the character of the barrier which it should have so erected and maintained. We shall therefore confine our consideration to the contention made. An examination of the instructions given discloses that the court informed the jury that a municipal corporation is not an insurer against accidents upon its streets, but is only required to make and keep them in a reasonably safe condition for ordinary modes of travel thereon; that, while a city may be required to erect and maintain barriers at dangerous places adjacent to its streets, it is not required to anticipate that some unusual force would be brought against the same, and to so construct them as to repel

such force, but was only required to make and maintain the same of such strength as ordinary prudence would deem sufficient under all the surrounding circumstances; that the law does not require that such barriers be so constructed and maintained as to prevent any possible accident that might occur under extraordinary conditions, but only sufficiently strong to make the adjacent street reasonably safe for ordinary travel over and along the same; that it was not the duty of appellant to so construct and maintain the barrier in question as to make it impossible for an automobile to go over the east bank of Eagle creek at the time and place in question, but that it was only required to make it ordinarily safe for the reasonable use of automobiles on the avenue adjacent thereto. Such expressions are found in substance throughout the instructions given, and clearly show that the jury could not have been misled as appellant contends. We conclude that appellant has failed

17. to state in its propositions or points with reference to such instructions any ground on which reversible error can rightfully be predicated. Under the well-established rules, other grounds, if they exist, will not be considered. *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E. 155; *Rust* v. *Schwiening* (1919), 72 Ind. App. 497, 124 N. E. 878.

Appellant also complains of the action of the court in refusing to give certain instructions requested by it, but the only one to which it makes any reference

18. in that part of its brief devoted to the statement of propositions or points is No. 7. An examination of the instructions discloses that the substance of said instruction was fairly covered by others given, and hence its refusal was not reversible error.

Appellant has failed to show that the court erred in overruling its motion for a new trial, and the judgment is therefore affirmed.