Northern Ind. Gas, etc., Co. *v.* Nolan, Admx.—78 Ind. App. 699.

## WINCHESTER *v.* CONTINENTAL CAN COMPANY, INCORPORATED, ET AL.

[No. 11,237.  Filed April 27, 1922.  Rehearing denied June 23, 1922.]

From Johnson Circuit Court; *Fremont Miller*, Judge.

Action between John M. Winchester and the Continental Can Company, Incorporated, and others.  From the judgment rendered, the former appeals.  *Affirmed.*

*William E. Deupree*, *L. Ert Slack* and *George G. Rinier*, for appellant.

*White & Owens* and *S. C. Kivett*, for appellees.

NICHOLS, J.—The judgment is affirmed upon the authority of *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518, and of *Rust* v. *Schwiening* (1919), 72 Ind. App. 497, 124 N. E. 878.

---

## NORTHERN INDIANA GAS AND ELECTRIC COMPANY *v.* NOLAN, ADMINISTRATRIX.

[No. 11,234.  Filed May 12, 1922.  Rehearing denied June 23, 1922.]

From Laporte Superior Court; *Harry L. Crumpacker*, Judge.

Action by Susie Nolan, administratrix of the estate of Harold Nolan, deceased, against the Northern Indiana Gas and Electric Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Harry B. Tuthill* and *Walter C. Williams*, for appellant.
*Robert H. Moore*, for appellee.

NICHOLS, J.—The facts in this case are such as to present the question of proximate cause, being the same question involved in the case of *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330.  We hold upon the authority of that case the demurrer to the complaint in this case should have been sustained.

Appellant also assigned as a ground of its demurrer that the complaint does not allege that the decedent left next of kin dependent on him for support.  It has, however, failed to present this question in its points and authorities, therefore we do not discuss it further than to suggest that the averments of the complaint should be in harmony with §285 Burns 1914, Acts 1899 p. 405, as construed by the courts.  See *Smith, Admx.* v. *Cleveland, etc., R. Co.* (1917), 67 Ind. App. 397, 410.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint.