## ANGELL v. ARNETT.

[No. 11,734. Filed February 27, 1924. Rehearing denied June 27, 1924.]

1. TRIAL.—*Instruction.*—*Stating the Allegations of Complaint Proper.*—It is proper, in giving instructions to the jury, to state the allegations of the complaint, where there is no statement as to the right of the plaintiff to recover thereon, and the fact that one paragraph of the complaint does not state a cause of action does not make such an instruction erroneous. p. 616.

2. TRIAL.—*Instruction.*—*Forms of Verdict.*—*Insufficient Paragraph of Complaint.*—There is no error in submitting a form

of verdict to be used if the jury finds for the plaintiff and instructing the jury that it should use that form if it finds for the plaintiff, although one paragraph of the complaint does not state a cause of action, as the plaintiff may recover on an insufficient complaint if the evidence tends to establish all the material averments thereof and, in addition thereto, such other facts as are necessary to its sufficiency. p. 616.

3. New Trial.—*Motion for.*—*Joint Assignment of Causes.*—Assigning as a cause for a new trial that the court erred in refusing to give certain instructions requested, numbered "from 1 to 12", is joint, and if any one of the instructions was properly refused, the motion should be overruled. p. 617.

4. Appeal.—*Review.*—*Briefs.*—*Propositions and Points.*—Stating in appellant's brief, under the heading "Points and Authorities", that the action of the court in refusing to give a requested instruction "was erroneous and prejudicial", without stating any reason why or how it was erroneous and prejudicial, presents no question for the consideration of the appellate tribunal. p. 617.

From Marion Superior Court (14,629) ; *James M. Leathers,* Judge.

Action by Fred Arnett against Joseph M. Angell. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson* and *Frank S. Roby,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee.

Batman, J.—This is an action by appellee against appellant to recover damages. The complaint is in two paragraphs. The first is based on the alleged negligence of appellant in striking appellee's automobile with a truck, both of which, at the time, were being driven on a public highway. The second is the same as the first, except that instead of alleging that said act was negligently and carelessly done, it alleges that it was wilfully and maliciously done. The complaint was answered by a general denial. The cause was submitted to a jury for trial, resulting in a verdict in favor of appellee. The jury also returned its answers to cer-

tain interrogatories.   Appellant filed a motion for judgment thereon notwithstanding the general verdict, and also a motion for a new trial, each of which being overruled, judgment was rendered in favor of appellee. This appeal followed, based on the action of the court in overruling said last motion.

Appellant contends that the court erred in giving instruction No. 1.   This instruction is merely a statement of each paragraph of the complaint, and does not

1.   purport to inform the jury as to whether or not appellee would be entitled to recover on proof of the allegations thereof.   It has been held to be proper to state the allegations of a complaint in an instruction. *City of Indianapolis* v. *Moss, Admr.* (1920), 74 Ind. App. 129.   The right of a court to do so, does not depend upon whether or not it states a cause of action.   If a defendant is confronted with an insufficient complaint, he may elect, if he so chooses, not to demur thereto, but to file an answer and go to trial, and rely on the plaintiff failing to establish a cause of action against him, if the evidence goes no further than the allegations of such complaint.   In that event, he has no right to complain, if the court merely states the allegations thereof in an instruction.   It follows that appellant's contention that one of the paragraphs of the complaint in the instant case does not state a cause of action, if true, does not render such instruction erroneous.

Complaint is also made of the action of the court in giving instruction No. 29, which merely gives the forms of verdict, one of which should be returned, de-

2.   pending on whether they found for the plaintiff or defendant.   The objection to this instruction is based upon the fact that it does not limit the return of a verdict in favor of the plaintiff on a finding in his favor on the paragraph of the complaint which states a cause of action.   There was no error in giving the

instruction in this form, although one of the paragraphs of the complaint did not state a cause of action, as a party may recover on an insufficient complaint, to which no demurrer has been filed, if the evidence tends to establish all the material averments thereof, and, in addition thereto, such other facts as were necessary to its sufficiency, as is true in the instant case as to the paragraph challenged. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157. We make this statement in view of the fact that, under the evidence, it was for the jury to determine whether the injury was inflicted on the theory alleged in the first paragraph of the complaint or the theory which appellee attempted to allege in the second paragraph thereof. If the evidence fully sustained such latter theory, a recovery should not be denied merely because it was not properly alleged in a paragraph to which no demurrer was filed. It follows that the court did not err in giving said instruction under the attending circumstances.

The only other contention made relates to the refusal of the court to give appellant's requested instruction No. 2, which would have directed a verdict, peremptorily, in favor of appellant on the second paragraph of the complaint. Appellant, in his motion for a new trial, states as one of the reasons therefor, that the court erred in refusing to give instructions requested by him, numbered 1 to 12 both inclusive. This is a joint assignment, and if any one of the instructions was properly refused, the assignment fails. *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174; *Tucker* v. *Eastridge* (1912), 51 Ind. App. 632. Said instruction No. 1 would have directed a verdict in favor of appellant, peremptorily, on the first paragraph of the complaint. It requires no argument to show that the giving of such an instruction would have been error, and therefore the assignment fails.

But if the rule were otherwise, appellant could not prevail on this contention, as he merely states in his propositions or points, that the refusal to give said instruction No. 2 "was erroneous and prejudicial", with the citation of a single authority. No reason is stated in support of such contention, or to which the authority could apply. This is not sufficient to present any question for our determination. *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571.

Failing to find any sufficient reason for holding that the court erred in overruling appellant's motion for a new trial, the judgment is affirmed.