# THE COUNTY COMMISSIONERS OF ALLEGHANY COUNTY *vs.* WILLIAM S. BROADWATERS.

*Defective highway — Instructions — Travelling at Night — Failure to Carry Light at night — Contributory negligence — Province of Jury.*

In an action of damages for an injury received, while walking along a public road at night, by falling over the edge of the road which was so constructed as to form a precipice, and which had been left unprotected by railing or barrier of any sort, an instruction that if the plaintiff was well acquainted with the road and knew there was no railing or guard, and was unable, solely on account of the darkness, to see the road and its surroundings, and walked off the brink of the precipice, he could not recover, is properly rejected.

An instruction, that the plaintiff could not recover, if knowing the condition of the road, he failed to carry a light, is properly refused. The failure to carry a light on a dark night by one acquainted with the road, is not conclusive evidence of contributory negligence.

An instruction that if the plaintiff knew the condition of the road, and while travelling on a dark night, voluntarily walked close to the unprotected edge without having a light, when by taking the middle, or inner side, of the road, the accident could have been prevented, he did not exercise the care and caution required to entitle him to recover, is properly rejected, the question of contributory negligence being for the determination of the jury.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and McSHERRY, J.

*J. N. Willison,* for the appellants.

*Benjamin A. Richmond*, and *D. James Blackiston*, for the appellee.

YELLOTT, J., delivered the opinion of the Court.

In the Circuit Court for Alleghany County an action for damages was instituted by the appellee against the appellants; the injury to the plaintiff resulting, as alleged in the declaration, from the unsafe and defective condition of one of the public roads in said county. The road in question runs through Lonaconing, which is an unincorporated town containing, as is shown by the proof, a population of about four or five thousand. The eastern edge of this road is so constructed that the earth is held in place by a wall of logs which rises vertically, and thus forms a precipice from ten to thirteen feet in height. On this eastern edge there is no railing or barrier of any sort. The plaintiff, who is an inhabitant of the town, was walking along this road on a dark and cloudy night, when he fell over the edge of the road and was seriously injured. In the trial in the Court below he obtained a verdict, and this appeal is taken in consequence of supposed errors in some of the rulings of the Court in relation to some of the prayers offered by the defendants and rejected.

The first prayer of the plaintiff, which was conceded, presented the case fairly to the jury, who were told that if they found that the road was negligently constructed and left to remain by the defendants in an unsafe and defective condition for persons walking and travelling along and over said highway, and if they further found that the plaintiff, while walking along and over said road and using due care and caution on his part, was thrown to the ground and injured by reason of the said unsafe and defective condition of said highway, then the plaintiff was entitled to recover.

This prayer having been conceded became the law of the case.

County Comm'rs of Alleghany Co. *vs.* Broadwaters.

The first prayer of the defendant enunciates the proposition that if the plaintiff was well acquainted with said road at the time of the injury, and knew that there was no railing or guard, and that while travelling along said road at night he was unable, solely on account of the darkness, to see the road and its surroundings, and walked off the brink of said embankment, then the plaintiff could not recover in the action and their verdict should be for the defendant.

The Court could not properly have granted this prayer because so doing would have been tantamount to telling the jury that the plaintiff, and all other persons who had knowledge of the dangerous condition of the road, assumed all the risk of passing along said road at night, and could not recover for any injury sustained in consequence of such condition, although that was the permanent condition of the highway constructed and opened for travel by the defendants. In the case of the *Baltimore & Ohio R. R. Co. vs. Boteler*, 38 *Md.*, 585, this Court decided that it was the duty of the defendant to so construct its lateral embankments adjoining a highway as not to render said highway dangerous for passengers by day or night. And in *Palmer vs. The Inhabitants of Andover*, 2 *Cush.*, 600, the Supreme Court of Massachusetts determined that if a rail or barrier was necessary for the proper protection of travellers, and would have prevented the happening of the injury complained of the defendant was liable for neglecting to provide such protection. There was no error in rejecting the defendants' first prayer.

The second prayer of the defendants was also properly refused. It announces, as a legal principle controlling the case, that the plaintiff could not recover in the action if, knowing the condition of the road, he failed to carry a light. It has been decided in a number of cases that neither the failure to carry a light on a dark

night by one acquainted with the road, nor a knowledge of its defective condition is conclusive evidence of contributory negligence. *County Commissioners of P. G. County vs. Burgess,* 61 *Md.,* 29; *McKenzie vs. City of Northfield,* 30 *Minn.,* 456; *Bond vs. Smith,* 44 *Hun,* 219; *Munger vs. City of Marshalltown,* 59 *Iowa,* 763; *Daniels vs. Lebanon,* 58 *N. H.,* 284.

Had the Court granted the defendants' second prayer it would not only have taken the case from the jury, but would have declared as matter of law that it was the duty of all the inhabitants of the town to provide themselves with lanterns to travel over a thoroughfare by night which was intended to be used by the public by night as well as by day. The cases cited in support of the proposition thus enunciated related to temporary obstructions in roads and not to the permanent condition of established highways. This prayer was properly rejected.

What has been said in reference to the defendants' first and second prayers is equally applicable to their fifth and seventh prayers. In the fifth prayer the proposition is that if the plaintiff knew the condition of the road, and that it was unprotected at the time by a barrier or railing at its outer edge, and that, while travelling along it upon a dark night, he voluntarily walked along close to the edge of the road when, by taking the middle, or inner side, of the road, the accident could have been prevented, then they shall find that he did not exercise the care and caution required to entitle him to recover. The seventh prayer embodies the same proposition with the addition that if the plaintiff undertook to walk along the outer or left side of the road without providing himself with a light he was not entitled to recover. It is plainly apparent that if the Court had granted these two prayers it would have invaded the province of the jury who

should determine whether these facts, when considered in connection with the other evidence in the cause, proved such contributory negligence on the part of the plaintiff as justified them in finding a verdict adverse to his claim for damages.

The conceded and granted prayers of the defendants, together with the two prayers of the plaintiff, which were conceded, gave the jury all the instructions which were necessary, and finding no error in any of the rulings of the Court below, its judgment should be affirmed.

*Judgment affirmed.*

(Decided 14th December, 1888.)