HENRY C. HALL *vs.* INHABITANTS OF WAKEFIELD.

Middlesex.    June 17, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Way,* Defect in highway.

In an action by a conductor of a street railway company against a town for injuries caused by an alleged defect in a highway, it appeared that the plaintiff, while attempting to pass around a superintendent standing on the running board of an open car, came in contact with a shade tree which was thirty-one inches from the body of the car and eighteen and one quarter inches from the outer edge of the running board. *Held,* that there was no evidence of negligence on the part of the town in failing to take measures to have the tree removed, and no evidence that the tree was a defect within the meaning of the statute.

TORT, by a conductor in the employ of the Wakefield and Stoneham Street Railway Company,* for injuries caused by an alleged defect in Main Street, a highway of the defendant, consisting of a maple tree with which the plaintiff's head came in contact while he was attempting to pass around a superintendent

* See 178 Mass. 98.

of the railway company, who was standing on the running board of the open car of which the plaintiff was in charge. Writ dated December 19, 1898.

In the Superior Court *Lawton*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. W. Nason & T. W. Proctor*, for the plaintiff.

*M. E. S. Clemons*, for the defendant.

KNOWLTON, C. J. This is an action to recover for injuries caused by an alleged defect in a highway in the defendant town. The plaintiff was a conductor on an electric car which passed three shade trees standing near the railway track, with one of which he came in collision as the car passed by. The only negligence alleged against the defendant is that it failed to make an effort to have the tree removed, as an object dangerous to travellers using the electric cars.

The town, as a municipal body, had no part in the location of the track in that place, but the general location was authorized by a board of public officers acting independently, and the track was laid by the street railway company. Pub. Sts. c. 113, § 7. St. 1898, c. 578. R. L. c. 112, § 7. Nor had the town a right to remove the shade trees. These were under the control of public officers. Pub. Sts. c. 54, § 6. St. 1885, c. 123. St. 1890, c. 196. R. L. c. 53, § 6. *Washburn* v. *Easton*, 172 Mass. 525. The provisions of the St. 1882, c. 154, had been accepted by the town, and at the time of the accident there was a duly elected board of park commissioners, but no tree warden. On May 31, 1893, these trees had been selected and designated to be preserved for purposes of ornament and shade by a formal vote of the selectmen. The only thing that the defendant could do for the safety of travellers on electric cars, if the tree was a defect, was to apply to the proper tribunal to have it removed. *Washburn* v. *Easton, ubi supra.* The question is whether the conditions were such as to make it the duty of the town to do this.

It appears that the nearest part of the tree was thirty-eight and one half inches from the nearest rail of the railway, and was thirty-one inches from the sill or side of the car, and was eighteen and one quarter inches from the outside of the running board. The plaintiff, at the time of the accident, was upon an

open car, and the distance from the side of the car to the outer edge of the running board was thirteen inches. It is plain that there was no danger from the tree to passengers on the railway who were using due care. Passengers are not expected to ride with any part of their persons projecting thirty-one inches beyond the sill or side of the car. The town authorities had no reason to anticipate injuries to passengers from the tree, nor had they any reason to expect an injury to a conductor. If a conductor, in the performance of his duties, may take positions upon the car different from those of passengers, he is, at the same time, expected to take corresponding precautions. A conductor could not have charge of a car upon this track, without quickly observing the trees and noticing that they might call for particular care if he was about to swing around a man weighing more than two hundred and fifty pounds, standing on the running board. The town authorities had no reason to expect that a conductor would attempt to do this as the car was about to pass the trees, or if he attempted it, that he would fail to take precautions against coming in contact with a tree.

It is stated in the bill of exceptions that the plaintiff had been by these trees about one thousand times, and that he had never considered them dangerous trees. There was no more reason for the town authorities to consider them dangerous trees than for him so to consider them. His opportunity for observation in reference to their proximity to the car as it was passing, and in reference to the danger to one standing on the running board, was better than that of the town authorities.

We are of opinion that there was no evidence of negligence on the part of the town, in reference to its failure to take measures to have the tree removed, and there was no evidence that the tree was a defect within the meaning of the statute. This view of the case makes it unnecessary to consider various other defences relied on.

*Exceptions overruled.*