## THE COUNTY COMMISSIONERS OF GARRETT COUNTY *vs.* MARY E. BLACKBURN.

*Liability of County Commissioners for Defective Approach to Bridge Leading to Another State.*

Although a bridge across the Potomac river leading from Garrett County, Maryland, to the State of West Virginia, may not have been built or accepted by Garrett County, yet the commissioners of that county are bound to keep the road and approach to the bridge in repair, the road being under their control, and if they negligently suffer the approach to remain in a defective condition, and a person, using due care, stumbles over a boulder in the roadway and falls down an embankment, not protected by guard rails, the County Commissioners are liable in an action for the injury so occasioned.

*Decided February 28th, 1907.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.), where there was a judgment on verdict for the plaintiff for $1,000.

The cause was argued before BRISCOE, PEARCE, SCHMUCKER and ROGERS, JJ.

*Albert A. Doub* (with whom was *J. C. Renninger* on the brief), for the appellant.

*R. T. Semmes* and *G. S. Hamill*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was originally brought in the Circuit Court for Garrett County where a trial was had, but the jury failed to agree upon a verdict and were discharged. It was subsequently removed to the Circuit Court for Allegany County where it was again tried and a verdict and judgment were rendered for the plaintiff. The defendant has appealed.

The suit was brought by Mary E. Blackburn, widow, against the County Commissioners of Garrett County to recover damages for personal injuries sustained by the plaintiff by reason of the unsafe condition of one of the public roads of Garrett County, and the approach to a bridge built across the Potomac river on the Maryland side to the West Virginia shore.

The declaration, in substance, states, that on or about the 3rd day of September, 1904, the County Commissioners of Garrett County, disregarding their duties and obligations imposed by law, did negligently and carelessly allow, and permit one of the bridges, the road and approach thereto, under their charge in Garrett County, upon one of the public roads of the county, towit, the road leading from the town of Kitzmillersville, Garrett County, over the Potomac river to the village of Blaine, West Virginia, at the west end of the bridge on the Garrett County side, to be out of repair and to be wrongly built in its approach at the end of the bridge, and to remain unmended, in an unsafe and dangerous condition and in failing to provide guard rails to be put up and along the walls leading up to the bridge; that on the day herein mentioned, the plaintiff while passing and walking up the road and approach to the bridge on the Garrett County side, and intending to go over the bridge, to a store, on the West Virginia

side for the purpose of buying provisions for her home, by reason of the careless, neglectful and improper manner in which the approach to the bridge was built, and in not having any guard rails to protect persons, in passing over the approach to the bridge, and that while the plaintiff was exercising due, proper care and caution she stepped upon a stone, which caused her to fall over the approach to the bridge a distance of eight feet, striking her body on a pile of loose stone, at the bottom of the river breaking her ankles and the bones of her legs, and receiving other serious injuries from which she can not recover.    It further alleges that the approach to the bridge on the Maryland side was so defective and badly out of repair and so unsafe and dangerous, by reason of the negligence of the County Commissioners and especially in not providing guard rails along and on the side of the approach to the bridge, as to have caused the injury and damage sustained by her.

The defendant demurred to the declaration, but the demurrer was overruled.    As the ruling of the Court upon the demurrer presents the same questions, as are raised on the prayers, we will consider them together.

The principal questions in the case arise upon the prayers and relate to the alleged negligence of the defendant and to the contributory negligence of the plaintiff.

At the trial of the case, the defendant reserved two exceptions.    The first to the rejection of the defendant's prayer offered at the close of the plaintiff's testimony, asking the Court to withdraw the case from the jury, and the second includes the rulings on the prayers offered at the close of the case, to-wit, in granting the plantiff's first and second prayers, and in rejecting defendant's second, third, seventh, eighth and tenth prayers.    There was also an exception to the ruling of the Court, in overruling defendant's special exception to plaintiff's first prayer.

As to the defendant's prayer offered at the close of the plaintiff's case, and its second and third prayers, at the close of the whole case, asking the Court to withdraw the case

from the jury, upon the ground that the evidence was legally insufficient to entitle the plaintiff to recover, it is sufficient to say, that there was abundant testimony as to the negligence of the defendant even if it can be regarded as conflicting, to authorize the Court, in rejecting these prayers.

The main contention in the case, raised by these prayers is the want of evidence to show that the bridge was built by Garrett County or belonged to it or was accepted or under its control and that it was the duty of the County Commissioners of Garrett County to keep it in repair.

A complete answer to the contention here made is found in the fact, that according to the uncontradicted evidence the accident did not occur upon the bridge, but in the public road, as the plaintiff approached the bridge, and within a few feet of the bridge proper. The approach to the bridge was about twenty feet long and lead in an angular shape to the bridge proper.

The witness Junkins who had lived at Kitzmillersville about nine years and who had been road supervisor of Garrett County for five or six years, testified as follows :

Q. Do you know the road that leads to this bridge? A. Yes, sir, I have crossed it. Q. Were you in charge of that road? A. Yes, sir. Q. How wide is that bridge? A. Twelve feet in the clear. Q. How wide is the track of the road leading to the bridge, the approach to the bridge? A. The road is wider than the bridge.

He further testified, that there were no guard rails to the approach to the bridge; that he had made repairs by " raising it up a little," and at the time of the accident it was in a bad condition.

The witness Rafter testified that he had resided in Kitzmillersville about 38 years, and that he was familiar with the approach to the bridge on the Maryland side, that the bridge was built about 1878 or 1879. The approach to the bridge was built of loose rock, without any mason work at the sides, the middle was filled in with large boulders, hauled from the river and a little dirt put on them. That the floods of 1889

and 1899, put the approach to the bridge in a very bad shape. The rocks were torn up and scattered over the ground. A very little work, if anything, was done afterwards to repair the damage, except to throw a little dirt on top of the boulders.    He further testified, that the attention of the County Commissioners was called to the condition of the approach to the bridge, and that he called the attention of the President of the Board of County Commissioners to its unsafe condition about two years before the accident, and upon an examination of it, he replied Yes, it is in a pretty bad fix.    That he examined the approach to the bridge with a view of giving some instructions to the supervisor or some one to repair it, and stated that the approach to the bridge was not in proper shape, "it does not look very good."    He also testified, that the road supervisor passed over it frequently, at least, once a week, prior to the accident.

This state of case, in connection with the other evidence set out in the record clearly shows, that the place where the accident happened, was a part of the public road situate in Garrett County, and over which the County Commissioners had assumed charge and control.    It had been uninterruptedly used by the public for over twenty years, and repairs had been made upon it from time to time by the county.    The duty of maintaining in safe condition the approach leading to the bridge in question as well as all other parts of the public road clearly rested upon the County Commissioners of Garrett County.    The liability of the County Comissioners, in an action of this kind has been settled by a number of decisions of this Court. *County* v. *Duckett*, 20 Md. 475; *County* v. *Gibson*, 36 Md. 229; *County* v. *Baker*, 44 Md. 2; *County* v. *Broadwaters*, 69 Md. 533; *Baltimore County* v. *Wilson*, 97 Md. 209.

There was no error in the ruling of the Court, in rejecting the prayers thus offered by the defendant, nor in the action of the Court, in overruling the demurrer to the declaration which presented the identical proposition.

The plaintiff's first and second prayers were properly granted.    The second prayer relates to the measure of damages, and we do not understand that it is contested.

The plaintiff's first prayer is as follows: The plaintiff by her counsel prays the Court to instruct the jury that if they find from the evidence in this cause, that the road or abutment leading to the county bridge over the Potomac river from the village of Kitzmillersville to Blaine, on the West Virginia side, and on the Maryland side thereof, was negligently left to remain by the defendants in an unsafe and unprotected condition for persons walking and travelling along and over said abutment and road leading to said bridge, and if they further find that the plaintiff while walking along and over said approach to said bridge and on the abutment leading thereto, and while using due care and caution on her part was thrown to the ground and injured by reason of the said unsafe and defective condition of said highway, then the plaintiff is entitled to recover.

A similar prayer in *Broadwaters case*, 69 Md. 534, was conceded to be correct, and the Court in that case, a somewhat similar case, held, that the prayer fairly presented the law of the case to the jury. The defendant's special exception to this prayer was properly overruled.

The defendant's fourth, fifth and sixth prayers were granted and in connection with the plaintiff's first, we think fully and fairly presented the law of the case. The fourth prayer instructed the jury, that, if they found from the evidence that the approach to the bridge where the plaintiff was injured was reasonably safe for persons travelling thereon with ordinary care then the plaintiff was not entitled to recover.

The fifth and sixth prayers presented the relative duties of plaintiff and defendant in cases of this kind and have been too frequently considered by this Court to need further comment. The question of negligence and contributory negligence were properly submitted by these prayers.

The defendant's seventh and eighth prayers were properly rejected. They were condemned in *Broadwaters case*, 69 Md. and need not be discussed here.

The tenth prayer was also properly refused. There was no evidence to sustain the proposition asserted by the prayer.

It was, however, fully covered by the defendant's granted ninth prayer, which instructed the jury that if they find from the evidence that the bridge where the accident occurred extended at the time of the accident from Garrett County, into Mineral County, W. Virginia, then the plaintiff cannot recover. This prayer was granted in connection with the plaintiff's first prayer and we do not see upon what ground it was calculated to mislead the jury. It must be considered in connection with the other instructions granted by the Court, and could not have injured the defendant's case. The appellant's contention, in this regard, cannot therefore be sustained. .

There can be no reason for disturbing the judgment in this case.

The law of the case, was fairly submitted to the jury, by the instructions of the Court, granted at the instance of both plaintiff and defendant.

The allegations of the *narr.* are supported by the testimony contained in the record, and we shall not prolong this opinion, by discussing it further.

We are of the opinion, after a careful examination of the whole evidence that the Court committed no reversible error in its rulings on the prayers or in submitting the case to the consideration of the jury. It follows therefore, that the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*