[No. 13652.  Department Two.  December 26, 1916.]

LEO MATSON, *Appellant*, v. PIERCE COUNTY, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS—HIGHWAYS—
NEGLIGENCE. In an action for injuries sustained by a traveler by
team through obstructions in a county road, an instruction which,
standing alone, seemed to require the plaintiff to show that he was
free from contributory negligence, is not prejudicial error where it
was merely a prefatory or explanatory statement and other instruc-
tions properly defined contributory negligence under the circum-
stances shown.

SAME. In an action for injuries sustained by a traveler by team,
through hitting an obstruction at the side of the road after he had
pulled out to the left on a hillside to allow an automobile to pass,
it is not reversible error to give an instruction relating to the law
of the road explanatory of his right to turn either to the right or
left as the circumstances required, notwithstanding the law of the
road was not applicable to the case, where appellant invited the
error by making a request on that subject.

HIGHWAYS — OBSTRUCTIONS — PERSONAL INJURIES — NEGLIGENCE—
EVIDENCE. Negligence in the maintenance of a county road is not
shown by the fact that a log was left near the side of the road, which
was in good condition and thirteen feet wide and reasonably safe for
travel, and no accident would have happened except for the fact that
plaintiff, carrying no lights, turned out of the roadway into the
bank on a dark night.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered May 22, 1916, upon the verdict
of a jury rendered in favor of the defendant, in an action for
personal injuries sustained through an obstruction in a
county road.  Affirmed.

*Bates, Peer & Peterson*, for appellant.

*Fred G. Remann, Harry E. Phelps*, and *A. B. Bell*, for
respondent.

MOUNT, J.—Action for personal injury.

On the night of November 7, 1914, at about 8:30 o'clock,
appellant was driving a one-horse wagon down a hill on one

[1] Reported in 161 Pac. 846.

of the public county roads of Pierce county. The hill was long, and the road was cut into the side of the hill so that upon the left side the bank rose precipitously. On the right side, there was a declivity of thirty or forty feet down to a river. While the appellant was upon this road, he met an automobile coming up the hill. When the appellant, driving down the hill, saw the automobile coming up the hill toward him, he turned his horse to the left toward the bank above him, and stopped near the bank until the automobile passed. The night was dark, and appellant could only see enough to guide the horse in the road. When the appellant stopped his horse, he must have been up to, or very close to, a log, about twenty-seven inches in diameter, which leaned upon the bank with the lower end fixed in the ground at the side of the traveled way. After the automobile had passed, the appellant started his horse again down the hill, when the wheels of his wagon struck the log, and he was thrown out and injured. In his complaint, he alleged that the county was negligent in maintaining the road with the log upon the side of the bank in the position stated. The county, in answer to the complaint, denied the allegations of negligence, and pleaded contributory negligence. Upon these issues the case was tried to a jury, and a verdict was returned in favor of the defendant. Plaintiff has appealed from the judgment of dismissal entered upon the verdict of the jury, and alleges that the court erred in giving the following instruction:

"This action is based upon the alleged negligence of the county. If the county was guilty of negligence in its supervision or care of the road at the place where the accident occurred and that negligence was the cause of the accident, it is liable for the injury sustained by the plaintiff, if the plaintiff himself was free from negligence in using the road at the time of the injury. If the county was not negligent in its care of the road, it is not liable."

It is argued by the appellant that this instruction is erroneous; first, because it fails to state that appellant's negli-

gence, to defeat a recovery, must have contributed to his injury; second, that such negligence on his part must have been the proximate cause of the injury; and third, that it imposes a higher degree of care upon the appellant than the law requires. If this instruction stood alone, it would, no doubt, be insufficient, because it seems to require that the appellant himself should be *free from negligence;* but it is apparent from the reading of the instruction itself that it is merely a statement of the case, without an attempt to define either negligence or contributory negligence. It is a prefatory or explanatory statement. Further along in the instructions, the court defined what would constitute contributory negligence, and after stating to the jury what circumstances they might consider in order to determine whether the appellant was guilty of contributory negligence, said that the jury might consider:

". . . all of the circumstances and conditions surrounding the situation at the time, that should appeal to a man of ordinary prudence in deciding which was the reasonably safe and cautious thing to do, and if you find that in doing so he acted as a reasonably prudent person, mindful of his own safety, would have done under the same circumstances he is not guilty of contributory negligence in turning to the left.

"In determining whether the plaintiff could have avoided running over the end of the log by the exercise of the degree of care required of him at the time, you are to consider the length of time the plaintiff had personally known that the tree was there, and you are to take into consideration the number of times plaintiff had driven along the road, by the tree, and how familiar he was with the road, and that locality; and with the circumstances surrounding the case; and if from all the circumstances you are of the opinion that, by the use of ordinary care he could and would have avoided the tree, then you would be justified in finding that he was guilty of negligence contributing to the injury, and in such case the plaintiff cannot recover."

So it is clear that the instruction complained of was not the only one upon the degree of care required of the appellant.

It was merely explanatory. This court has held that, where such instructions, taken in connection with the remainder, constitute a fair exposition of the law of the case, they do not constitute error. *Wheeler v. North American Transp. & Trad. Co.*, 21 Wash. 704, 57 Pac. 1103.

We think, taking the instructions as a whole, the court properly instructed upon the question of negligence. At the trial of the case, the court gave the following instruction:

"It is the law of the road in this state that if any person driving any vehicle meet another on a public highway in this state, the person so meeting shall seasonably turn their vehicles to the right of the center of the road, so as to permit each vehicle to pass without interfering or interrupting the other.

"Seasonably turn means, that the travelers shall turn to the right in such season that neither shall be retarded in his progress by reason of the other occupying his half of the way, which the law has assigned to his use, when he may have occasion to use it in so passing. In short each has the undoubted right to one half of the way whenever he wishes to pass on it, and it is the duty of each, without delay, to yield such half to the other.

"But a person may lawfully use what is to him the left hand side of the road if there is no travel at that time upon that part of the way, or if the travel is not so heavy as to make his conduct a source of danger. But a person upon the wrong side of the way must always exercise a care commensurate with his position. This is usually a higher degree of care than that required of him while on the correct side of the way."

The court refused to give the following instruction requested by the appellant:

"The statute law of the road requiring the drivers of vehicles meeting on a public highway, to turn to the right, is intended for the safety and protection of such travelers themselves.

"In the present instance, this law would have governed the conduct of the plaintiff in his relation and duty to the automobile, and he would have been guilty of negligence had

he collided with the automobile by reason of his having turned to the left.

"However, so far as this defendant is concerned, plaintiff was entitled to the use of any portion, or either side of the highway which from the evidence you find the defendant may have improved, and which was reasonably necessary in meeting and passing vehicles at that point, and over which for that purpose, the defendant had extended an invitation to travel. And you are instructed that the fact that the plaintiff turned to the left instead of the right, was not of itself negligence on plaintiff's part, but was merely one of the elements or items of the incident, which together with all the other circumstances and conditions surrounding the situation you should take into consideration in determining whether or not plaintiff did as a reasonably prudent person would have done."

The giving of the first of these instructions, and the refusal of the second requested by the appellant, are assigned as error. The two are argued together in the brief, to the effect that the law of the road had no application to the case. It is probably correct to say that the law of the road did not control this case, because the law of the road is meant to control the conduct of vehicles meeting or passing each other upon the highway. It was apparently given by the court to explain the right of appellant to turn either to the left or to the right, controlled by the circumstances which confronted him at the time. The first instruction was, we think, a correct instruction, under the rule in *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876.

Conceding that the law of the road, as determined by statute, was not applicable to the case, we are satisfied that the giving of the instruction here complained of, and the refusal to give the one requested, were not prejudicial error, and we are of the opinion that if it was error to give the instruction upon the subject of the law of the road, it was invited error, by reason of the request of the plaintiff for an instruction upon that subject. Whether there was error in the instructions or not, we are satisfied that there could

be no recovery in any event. According to the appellant's own evidence, he was familiar with the road. The road was in good condition. It was thirteen feet wide at the point where this log lay upon the bank. The night was dark. The appellant did not carry a light. He drove out of the main traveled way to the side of the road as near to the bank as he could get. He stopped his horse until the automobile went by. He then started his horse, ran against this log, and was thrown to the ground.

In *Blankenship v. King County*, 68 Wash. 84, 122 Pac. 616, 40 L. R. A. (N. S.) 182, it was said:

"This court has heretofore held, and it is the general rule, that counties are not obligated to open highways to travel for their full located width; but that their duty in this regard is accomplished by opening the way for a sufficient width to make it reasonably safe and convenient for ordinary travel; that it is not compelled to keep the sides of the prepared way free from obstructions, nor is it obliged to erect barriers where there is no unusual danger to be encountered."

The only evidence of negligence on the part of the county, shown in this case, is that it permitted this log to lie upon the bank, with one end buried near the traveled roadway. It is not, and cannot be, claimed that the roadway was not of a sufficient width to make it reasonably safe and convenient for ordinary travel. It was reasonably safe for such travel, and but for the fact that the appellant turned out of the roadway into the bank, on a dark night, there could have been no injury. It is clearly not negligence for counties in this state to permit logs of the character of this one, lying as this one did, to remain at the side of the road. We are satisfied that there was no negligence on the part of the county sufficient to submit to the jury.

The judgment must, for this reason, if for no other, be affirmed.

MORRIS, C. J., FULLERTON, HOLCOMB, and PARKER, JJ., concur.