TRUMAN C. DAY *vs.* JOSEPH B. WEINSTEIN ET AL.

*False Imprisonment—Sufficiency of Evidence.*

If one is arrested under such circumstances as to subject him to an unlawful restraint of his liberty, persons who procured or induced the arrest are amenable to a suit for false imprisonment.                              p. 106

That defendants, when at the police station, apparently to procure a warrant for the arrest of plaintiff's wife for assault, stated to the desk sergeant, in answer to the latter's inquiry as to what was the charge against plaintiff, also then present, that plaintiff had applied an abusive epithet to one of defendants, *held* not sufficient to justify the inference that the arrest of plaintiff, if one had been made, was ratified by defendants, so as to make them liable as for false imprisonment.    pp. 107, 108

A prayer by defendant, that plaintiff's evidence is legally insufficient to entitle him to recover, is defective in form if offered at the close of the whole case, since a prayer for a directed verdict at that stage of the proceeding should challenge the sufficiency of the whole evidence.                  p. 108

That defendant's prayer for a directed verdict, granted at the close of the whole evidence, was defective in form as refer-

ring only to the plaintiff's evidence, is not ground for reversal on plaintiff's appeal, if the proof was as a whole legally deficient for the purposes of the suit.                    p. 108

A prayer referring generally to the pleadings, while ineffective to raise a question of variance between the pleadings and the proof, may be sufficient as a demurrer to the evidence.
p. 108

*Decided April 9th, 1925.*

Appeal from the Baltimore City Court (DUKE BOND, J.).

Action by Truman C. Day against Joseph B. Weinstein and Rose Weinstein, his wife. From a judgment for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*William H. Lawrence* and *Charles H. Thompson,* submitting on brief, for the appellant.

*Isador Goldstrom,* with whom was *William W. Powell* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The single exception in this case raises the question whether there is in the record any evidence having a legally sufficient tendency to prove that the plaintiff was falsely imprisoned at the instance of the defendants, as alleged in the declaration. At the close of the trial below an instruction was granted, at the defendants' request, withdrawing the case from the jury.

Mr. Day, the plaintiff, conducts a general merchandise store, and for the purpose of stimulating trade he announced that a certain article would be given as a premium to the person whose purchases at the store, represented by sale tickets, reached the highest total during a designated period. Having been informed that the children of the defendants, Mr. and Mrs. Weinstein, were soliciting and obtaining sale tickets which had been issued to other customers, the plain-

tiff questioned the right of the defendants to be included in the competition for the premium. This attitude on the part of the plaintiff provoked the defendants to return a pair of shoes which they had recently purchased from him, but which Mrs. Day, who was assisting her husband in the store, refused to receive because, as she claimed, they had been worn. During the controversy which ensued Mrs. Day is said to have thrown the shoes at Mrs. Weinstein, striking and injuring her arm. Two days later, as the plaintiff and his witnesses testified, he and his wife were both arrested and taken to a police station. The arrest of Mrs. Day is admitted, but the assertion that the plaintiff was also taken into custody is denied by the officers to whom such an act is attributed. They testified that the plaintiff accompanied his wife to the police station on his own volition. The defendants were not present at the time and place of Mrs. Day's arrest, and of the alleged simultaneous arrest of her husband, but were at the police station when the plaintiff and his wife arrived. No warrant had been issued for the arrest of the plaintiff, and he had committed no act for which he could be lawfully arrested without a warrant.

According to the testimony for the plaintiff, when he and his wife reached the police station, the desk sergeant inquired as to the charges against them, and was informed by Weinstein that Day had called him a "damn liar." Mrs. Weinstein is said to have supported her husband in making the accusation. Mrs. Day was charged with an assault and battery on Mrs. Weinstein by striking her with the shoes. The alleged charge against Day was immediately dismissed, as he testified, while Mrs. Day was required to give bail pending a trial the next day before a police justice, by whom she was acquitted.

If the plaintiff was in fact arrested, under the circumstances described in his testimony, he was thereby subjected to an unlawful restraint of his liberty, and if the defendants procured or induced the arrest, they are amenable to this suit for false imprisonment. *Mahan v. Adam,* 144 Md. 355;

*Fleisher v. Ensminger,* 140 Md. 604; *Balto. & O. R. R. Co. v. Cain,* 81 Md. 87; *Lewin v. Uzuber,* 65 Md. 341; *Stansbury v. Fogle,* 37 Md. 369.

There is no proof that the arrest of the plaintiff was requested by the defendants. On the contrary, it was testified by the officers, who are said to have made the arrest, that the only charge upon which they acted was the one preferred by Weinstein against Mrs. Day for the alleged assault on his wife. If there is any ground whatever in the evidence for holding the defendants liable in this action, it must be found in the testimony as to their presence and conduct at the police station after the plaintiff appeared there with the officers. About an hour previously Weinstein had visited the plaintiff's store with one of the officers to discuss the difficulty in regard to the premium, but the interview closed, and the officer and Weinstein departed, without any indication that an arrest of the plaintiff might be considered. The significance which might otherwise attach to the presence of the defendants at the police station is materially modified by the fact that there was a reason, independent of any action against the plaintiff, for their attendance on that occasion. The policeman who conducted the arrest of Mrs. Day, testifying as to his prior interview with Weinstein, in reference to her assault on his wife, said: "I told him then the only thing he could do was either to go to the station house in the morning and have a warrant sworn out, or he could order her arrest, but he must accompany Mrs. Day to the station house and lay the charge, which he said he wanted to be done." It was apparently in pursuance of this understanding that Weinstein and his wife went to the police station.

The charge against Mrs. Day was made and held for further investigation, and when the desk sergeant asked what was the charge against Day, who was standing beside his wife, the defendants are said to have reported Day's use of the epithet already quoted. Unless we are to hold that the statement alleged to have been made by the defend-

ants, under the circumstances referred to, justifies an infer-
ence that. Day was under arrest at their instance, we must
hold that the action of the trial court in withdrawing the
case from the jury was proper. It does not seem to us that
such an inference is warranted. The statement in question
is consistent with the theory that no arrest of the plaintiff
was intended by the defendants, and with a belief on their
part that he had come to the station voluntarily, and it does
not appear to have caused his continued detention. A rati-
fication of the arrest, if one was made, could not be imputed
to the defendants because of their answer to the desk ser-
geant's question, unless they then knew that the arrest had
occurred, and there is no proof of such knowledge in the
record. In our opinion it was correctly ruled that the evi-
dence was not legally sufficient to justify the submission of
the case to the jury.

The granted prayer of the defendants is properly criti-
cized in the appellant's brief because it refers only to the
evidence of the plaintiff as being legally insufficient to en-
title him to recover. As the prayer was offered at the close
of the whole case, it should have challenged the legal suffi-
ciency of all the evidence. But as we find the proof as a
whole legally deficient for the purposes of the suit, the judg-
ment will not be reversed because of the imperfect form
of the prayer. In *Fidelity & Deposit Co. v. Panitz,* 142 Md.
303, and *Turner v. Eagan,* 116 Md. 40, cited by the appel-
lant on this point, the prayers which were subject to similar
criticism had been refused

The prayer in this case referred generally to the plead-
ings. In that form it was ineffective to raise a question of
variance between the pleadings and proof, but no such ques-
tion is sought to be raised, and it was evidently as a de-
murrer to the evidence that the prayer was presented. *Balti-
more v. Terio,* 147 Md. 330; *Caltrider v. Weant,* 147 Md.
338.

*Judgment affirmed, with costs.*