## COUNTY COMMISSIONERS OF KENT COUNTY *v.* LAURA ALICE PARDEE.

*Defective Highway—Action Against County—Status of Road Engineer — Evidence — Contributory Negligence — Guest in Automobile—Knowledge of Defects —More Than Ordinary Care.*

While ordinarily the court determines what facts are necessary to show agency, and the finding of those facts is left to the jury, it was proper for the court, in an action against a county for injuries from defects in a road, to tell the jury that the road engineer of that county was the agent of the county, it having been so determined by the Court of Appeals on a construction of the local statutes.                                    p. 72

The objection that a granted prayer indicated that plaintiff had been permanently injured, when there was no evidence to that effect, cannot be considered on appeal, in the absence of a special exception.                                    p. 72

A prayer by defendant that "under the pleadings and evidence in this case there is no evidence legally sufficient to entitle the plaintiff to recover," is insufficient to raise the question of variance between the pleadings and proof.                      p. 73

In an action against a county for injuries to one riding in an automobile, which ran over the edge of a bridge, as a result of the car getting out of control when it struck a deep depression in the road near the bridge, the extent of which depression was concealed by water which had collected by reason of failure to clear out the ditches at the side of the road, *held* that the question of defendant's negligence was for the jury.    pp. 73-75

Those charged with the upkeep and maintenance of public highways may be guilty of negligence by reason of their failure to provide safeguards at dangerous points along the highways, such as guard-rails on bridges.                           p. 75

One in an automobile driven by another is under a duty to exercise due care, this varying with the circumstances of each particular case.                                   pp. 75, 76

One in an automobile driven by her husband, who was more familiar with the road than she was, and was not driving recklessly, was not guilty of negligence as matter of law in failing to call his attention to the fact that they were approaching a dangerous depression, over which they had driven earlier in the day, and which he could and did see.                       p. 76

The mere existence of a defect in a public highway and one's knowledge thereof does not necessarily prohibit his using the road, nor absolutely bar his recovery for injuries sustained because of the defect, provided he uses due care, taking into consideration his knowledge of the road's condition.       pp. 76, 77

One who seeks to recover for injuries sustained by him because of another's alleged negligence must have been in the exercise of due care, and due care is such care as a person of ordinary prudence would use under similar circumstances.

                                             pp. 77, 78

In an action for injuries caused by a defect in a road, it was proper to refuse a prayer that, in view of plaintiff's previous knowledge of the dangerous condition of the road, it was her duty to use "more than an ordinary degree of care," an instruction in such form giving the jury no proper guide, and being simply misleading.                                              p. 78

*Decided June 11th, 1926.*

Appeal from the Circuit Court for Cecil County (WICKES and KEATING, JJ.).

Action by Laura Alice Pardee against the County Commissioners of Kent County. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Albert D. Mackey* and *Herbert E. Perkins,* with whom were *Clarence W. Perkins* and *Joseph Sherbow* on the brief, for the appellants.

*L. Wethered Barroll* and *James J. Lindsay,* with whom were *Omar D. Crothers* and *Joshua Clayton* on the brief, for the appellee.

WALSH, J., delivered the opinion of the Court.

This suit was brought by Mrs. Laura Alice Pardee, the appellee, against the County Commissioners of Kent County, the appellants, to recover for injuries received by her on August 19, 1923, when the Ford automobile in which she was riding with her husband ran over the edge of a bridge on the road from St. James Church to Worton in Kent County, and fell upside down into the stream below the bridge.

The testimony shows that on the afternoon of August 19th, 1923, the appellee, her husband, and several of their children drove over the road and bridge in question to visit the appellee's brother, and they were returning about eight o'clock in the evening to their own home over the same road when the accident complained of occurred. The road ap-

proaching the bridge on the return trip went down grade
for some distance until it got to within about thirty-five feet
of the bridge, at which point there was a puddle of water,
and after passing this puddle there was a slight ascent to the
edge of the bridge. This puddle was formed by water which
flowed from a spring near the side of and above the road,
and it accumulated in the road because the ditches on either
side were choked up, thus permitting most of the water to
flow into the road and down the wheel tracks to the depression
near the end of the bridge. At the time of the accident this
depression was covered with water for a distance of four or
five feet, the maximum depth was six inches, and the water
extended across the entire width of the road. It also ap-
peared from the evidence of Mr. Taylor, the road engineer
of Kent County, that the surface of the water was two inches
below the level of the lower side of the road, so that the maxi-
mum depth of the depression or hole was really eight inches.
The appellee's husband, who was driving the car, testified that
in approaching the bridge the wheels of the car got into the
ruts formed on either side of the road by the traffic and deep-
ened to five or six inches by the water which flowed down them
from the spring above mentioned; that he was unable to get
the wheels out of these ruts, and so went right through the
center of the puddle, and that as he did so the car received
a bump or jolt which damaged the steering gear and placed
the car beyond his control. He further testified that he was
not going more than ten miles an hour when he reached the
puddle, that after going through the puddle the car ran up on
the bridge; that when he tried to steer it after it left the ruts
and reached the bridge he found the steering mechanism
would not work; that he immediately turned off his switch
and reached for his emergency brake, but that before he
could stop the car the front wheels turned to the left and the
car plunged over the left side of the bridge and fell upside
down into the stream below. It also appeared that there was
no railing on the left side of the bridge, the one formerly
there having rotted away.

At the conclusion of. the testimony the learned court below granted the plaintiff's first and third prayers and refused to grant the defendant's first, second and sixth prayers, and its action in this regard is the basis of the only bill of exceptions in the case. The plaintiff's first prayer instructed the jury that in passing upon the facts in the case they were "to regard the county road engineer, Gilbert L. Taylor, as the agent of the County Commissioners of Kent County." Ordinarily the court determines what facts are necessary to show agency, and the finding of those facts is left to the jury, but the question of the road engineer's agency in this case depends upon the construction of certain local statutes of Kent County, and this court determined in the case of *Richardson v. County Commrs. Kent Co.,* 120 Md. 153, 161, that under the statutes then in force the road engineer, "with respect to liability for the injuries resulting from the bad condition of the public roads, should be regarded as the agent of the County." We know of no change in these statutes which would justify our modifying or overruling what was then decided on this point, and we accordingly find no error in the granting of the plaintiff's first prayer.

The plaintiff's third prayer is the usual damage prayer granted in personal injury cases. The defendant contended that some of the language used in this prayer indicated that the plaintiff had been permanently injured, anl that there was no testimony to this effect offered, but this objection was not pressed at the argument, nor could it have been success- fully pressed. In the first place such an objection should have been made the subject of a special exception, and no special exception appears to have been taken. Code, art. 5, sec. 10; *Stewart Taxi Service Co. v. Roy,* 127 Md. 79. And in the second place we do not think the prayer indicated the permanency of the plaintiff's injuries to any greater extent than was justified by the evidence.

The defendant's first prayer asked the court to instruct the jury that "under the pleadings and evidence in this case there is no evidence legally sufficient to entitle the plaintiff to re- cover." This court has repeatedly held such a prayer in-

sufficient to raise the question of a variance between the pleadings and the proof, and, as the question of the legal sufficiency of the evidence in this case was raised by the defendant's second prayer, there was no error in rejecting its first prayer. Code, art. 5, sec. 11; *Askin v. Moulton,* 149 Md. 140; *Day v. Weinstein,* 148 Md. 104; *Baltimore v. Terio,* 147 Md. 332, 334; *Balto. & O. R. R. Co. v. Walsh,* 142 Md. 237.

The defendant's second prayer was as follows: "The defendant prays the court to instruct the jury 'that there is no evidence in this case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant.' " The obvious point raised by this prayer is whether, under all the evidence, the question of the defendant's negligence in maintaining the road and bridge in this case should have been submitted to the jury. The defendant mentions this point, but it was stated at the argument of the case that the defendant relied chiefly on the contributory negligence of the plaintiff, and most of its brief is devoted to a discussion of this alleged contributory negligence, and as the defendant offered no prayer specifically raising the question of the plaintiff's contributory negligence, we assume that it considered the point sufficiently raised by its second prayer above quoted. Whether the prayer had this effect or not will be considered later, but on the first point raised by the prayer, namely, the sufficiency of the evidence to go to the jury on the question of the defendant's negligence in maintaining the road and bridge, we are clearly of the opinion that the evidence was sufficient. It was testified by various witnesses that the road had not been repaired for a year or more prior to the accident; that the ditches along either side of the road had become filled with sand and weeds, thus causing the water from the spring near the road to flow over into the roadbed and down the wheel ruts to the depression near the end of the bridge, in which depression the water accumulated and formed a puddle. At the time of the accident this hole was filled with water

to the depth of six inches at its deepest point, and the surface of the water was two inches below the level of the lower side of the road, was three inches lower than the other side of the road, extended across the entire roadbed, and covered a space four or five feet long measuring lengthwise along the road. There was also a great deal of testimony by people who used the road that their teams endeavored to straddle this hole or puddle when passing it, and that the condition of the road at this point was bad because of this hole and the water which filled and covered it. There is testimony that the grade going up from either edge of this puddle was slight, and while there is also testimony that the sides of the puddle itself sloped gradually, so that a vehicle entering it from either side would not be bumped or jarred, we think there is ample other testimony in the case which would justify a jury in finding that the drop from either side of the puddle into the bottom of it was quite abrupt. Certainly the plaintiff, her husband, and children testified that they received a very severe bump when they entered the puddle on their return trip, and the defendant's testimony that the hole formed by the puddle was eight inches deep at its deepest point and that the puddle only extended lengthwise a distance of four or five feet would indicate that the drop was quite sharp.

There is no testimony in the case regarding the actual contour of the road beneath the water at this point, but, assuming that the deepest part of the hole was in the center of the puddle and that the puddle was four or five feet long, the grade from either edge of the puddle to its deepest point would be about thirty per cent., and such a grade down and up within a distance of four or five feet would certainly constitute a very dangerous depression in any road. If the deepest point was not in the center, then the grade from the deepest point to the nearest edge of the puddle would be correspondingly increased and the hole rendered even more dangerous. In addition to this, the fact that the hole was covered with water, so that those approaching it were unable to

tell the depth or condition of the surface of the road beneath the water, served to render its condition even more objectionable, and certainly these conditions would justify a court in submitting to the jury the question of the negligence of those charged with the maintenance of the road. See *Richardson v. County Commrs. Kent County, supra; Howard County v. Pindell,* 119 Md. 69; *Duckett v. County Commrs. Anne Arundel County,* 20 Md. 468.

We do not think it necessary to decide whether the failure of the county commissioners to maintain guard rails on the bridge was sufficient evidence of negligence on their part to require the submission of the case to the jury, because, in our opinion, the testimony regarding the existence of the ruts and the puddle in the road, and the conditions which caused them, are sufficient, but there are cases in which those charged with the upkeep and maintenance of the public highways will be guilty of negligence if they fail to provide such safeguards at dangerous points along such highways. *Roth v. Highways Commission of Baltimore County,* 115 Md. 469.

Some mention was made at the argument as to the sufficiency of the defendant's second prayer to raise the question of contributory negligence, but we think it unnecessary to consider this point because, in our opinion, the evidence as a whole did not show such contributory negligence on the part of the plaintiff as would have justified the court below in withdrawing the case from the jury on that ground. The plaintiff, though in the front seat, was not driving the car, but was in it as the guest of her husband, and under such circumstances, there was, of course, a duty incumbent on her to exercise due care. The law governing cases of this sort was thus stated by this court in the case of *Levine v. Abramson,* 142 Md. 222, 228: "The doctrine * * * is not that the negligence of the driver is imputed to his guest, but that it is also the duty of the guest to exercise ordinary care for his own safety. What will amount to contributory negligence or a failure on the part of the guest to use ordi-

nary care must depend upon the facts and circumstances of each particular case. It is said in *Berry, Automobiles* (3d Ed.), sec. 527: 'When dangers which are reasonably manifest or known to an invited guest, confront the driver of a vehicle and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery.' "

In this case there is no evidence that the appellee's husband was driving the car in such a reckless manner as to require her to say anything to him about his method of driving, and the mere fact that they had both passed over this puddle earlier on the day of the accident, and that she failed to call his attention to the fact that they were approaching it when the accident occurred, is not sufficient to charge her with negligence as a matter of law. The testimony shows that her husband was, if anything, more familiar with the road than she was, and as he was driving slowly when he reached the puddle and had his headlights burning, so that he could and did see it, there was no reason for the appellee to advise him about it. We think it is only where the driver is acting in a careless manner, or is approaching a danger which is known to the guest and unknown to or not apprehended by him, that any duty devolves upon the guest to caution or warn the driver. In fact useless cautions and advice are more often harmful than otherwise. Nor do we think that the mere failure of the appellee to return by another road is sufficient to charge her with negligence. There is no evidence in the record that there was any other way back to her home, and even if there was, the existence of this puddle on the road they took would not prevent their using the road. Whatever the law regarding the use of defective roads may be in other jurisdictions, it has long been settled in Maryland that the mere existence of a defect in a public highway and the plaintiff's knowledge thereof does not necessarily prohibit his using the road, nor absolutely bar his recovery for injuries sustained because of the defect. The

rule governing such situations was recently re-announced in the case of *County Commissioners of Prince George's County v. Simmons,* 150 Md. 523, where we said: "Public roads and bridges are built and maintained for the use and convenience of the public, and it is the duty of the county commissioners or other public officials charged with their construction and maintenance to see that they are safe for the ordinary and accustomed mode of travel and transportation over them in the localities in which they are placed. If, as frequently happens, the roads and bridges become, to a greater or less extent, defective, the public does not necessarily assume all the risk attendant upon using them after it acquires knowledge of the defects, but is only required to use due care and caution, taking into consideration the nature and extent of the defects." And see also *Allegany County v. Broadwater,* 69 Md. 533; *Vannort v. Commissioners of Chestertown,* 132 Md. 685. In the present case, we think the appellee and her husband were justified in returning over the road in question, provided they used due care, taking into consideration their knowledge of the road's condition, and we are clearly of the opinion, at least so far as the plaintiff here is concerned, that the court could not properly declare her conduct so careless as to amount to contributory negligence as a matter of law.

The only remaining point to be considered is the refusal of the learned court below to grant the defendant's sixth prayer, which sought to instruct the jury that, in view of the alleged previous knowledge of the appellee of the dangerous condition of the road over which she was traveling, it was her duty to use "more than an ordinary degree of care" to meet those conditions. This prayer is, we think, incorrect. The general rule is that a party who seeks to recover damages for injuries sustained by him because of the alleged negligence of another, must, at the time he sustains the injuries, have been in the exercise of due care, and due care is understood to be such care as a person of ordinary prudence would use under similar circumstances. The degree of care which a person of ordinary prudence would use

varies, of course, with the circumstances and conditions in which he finds himself; and conditions may exist which would require him to use various degrees of care, but these degrees of care cannot be accurately described as "more than ordinary care." The appellant doubtless meant to ask the court to instruct the jury that the knowledge which the appellee had of the condition of the road required her to use a high degree of care in travelling over it, and we do not say that such an instruction would have been erroneous under the circumstances, because, where a person has knowledge of some defect in a road, ordinary prudence requires that he use a greater degree of care to avoid the defect than would be required of him if he had no knowledge of the defect. But this is entirely different from asking that the jury be instructed that the plaintiff was bound to exercise "more than ordinary care." An instruction in such an unqualified form gives the jury no proper guide, and would simply be misleading. We accordingly find no error in the rejection of the defendant's sixth prayer.

Finding no error in any of the rulings appealed from, the judgment in favor of the appellee will be affirmed with costs.

*Judgment affirmed, with costs to the appellee.*