HERRING, ET AL. *v.* CHRISTENSEN, ET UX.

[No. 36, September Term, 1968.]

*Decided February 4, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, FINAN, SINGLEY and SMITH, JJ.

*Alfred S. Fried,* with whom was *Harold I. Rogers* on the brief, for appellant.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for appellees.

PER CURIAM.

Appellant, Jeff Herring, a three year old infant, by his father and next friend, Roger L. Herring, and appellant Roger L. Herring, individually, brought suit in the Circuit Court for Prince George's County on August 23, 1967, to recover damages for personal injuries that the infant sustained when he wandered onto the property of the appellees, Edwin O. and Edna F. Christensen, and was burned by a trash fire that the appellees maintained on their unfenced premises. The lower court sustained the appellees' demurrer without leave to amend on the ground that under Maryland law appellees owed no duty to the child who was a trespasser or at best a bare licensee.

It is well established law in Maryland that "the owner of land owes no duty to a trespasser or licensee, even one of tender years, except to abstain from wilful or wanton misconduct and entrapment." *Levine v. Miller,* 218 Md. 74, 79, 145 A. 2d 418, 421. See *Carroll v. Spencer,* 204 Md. 387, 104 A. 2d 628; *Benson v. Baltimore Traction Co.,* 77 Md. 535, 26 A. 973; *Duff v. United States,* 171 F. 2d 846 (4th Cir.). Appellants agree that this is a correct statement of the law, but urge this Court to adopt a new rule of law as set forth in Restatement (Second) of Torts, Section 339 (1965), a liberal version of the attractive nuisance doctrine.

The problem of injury to trespassing children has been before this Court on many occasions. Since 1894 in *Mergenthaler v. Kirby,* 79 Md. 182, 28 A. 1065, we have uniformly rejected any exception to the rule that trespassers and bare licensees take the premises as they find them. *Levine v. Miller, Carroll v. Spencer,* both *supra; State v. Fidelity Warehouse Co.,* 176 Md. 341, 4 A. 2d 739; *State v. Machen,* 164 Md. 579, 165 A. 695; *State v. Longeley,* 161 Md. 563, 158 A. 6; *Balto. City v. De Palma,* 137 Md. 179, 112 A. 277. As this Court said in *Weisner v. Bd. of Education,* 237 Md. 391, 395, 206 A. 2d 560, 562:

"In our view the rule of the *Weddle* [94 Md. 334,

242

51 A. 289] case is too firmly established and has been too long unchanged by the Legislature in the face of repeated reminders of its role in the matter in the opinions of the Courts . . . to be changed judicially, assuming that it should be changed at all. If there is to be a change, we think the Legislature should make it."

That statement is equally applicable to the instant case. To adopt appellants' position would eliminate the consistency and stability in this Court's rulings which are necessary for our citizens to know their respective rights and obligations.

The judgment of the lower court must be affirmed.

*Judgment affirmed, costs to be paid by appellants.*