FOPMA ET AL. *v.* BOARD OF COUNTY COM-
MISSIONERS FOR PRINCE GEORGE'S
COUNTY, ET AL.

[No. 220, September Term, 1968.]

*Decided June 24, 1969.*

The cause was argued before HAMMOND, C. J., and
MARBURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*John J. Mitchell,* with whom were *Donahue, Ehrman-
traut, Mitchell & Gleason* on the brief, for appellants.

*James J. Lombardi,* with whom were *Lionell M. Lockhart, Harry L. Durity, Martin Hertz, James F. Sharkey, Albert J. Lochte, Barry S. Cramp* and *Emil F. Nichols* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

On March 28, 1966, O. Carl Fopma, individually and as father and next friend of Jeffery Fopma, infant, filed suit in the Circuit Court for Prince George's County to recover for personal injuries sustained by Jeffery and medical expenses incurred by Mr. Fopma. The declaration alleged that the infant's injuries arose as a result of the negligence of the appellee Board of County Commissioners for Prince George's County, Maryland (Board). After testimony was presented, a jury returned a verdict in favor of O. Carl Fopma for $2,205.15, and in favor of Fopma, as father and next friend of Jeffery, for $5,000. Upon a timely motion filed by the appellee Board, the trial judge granted its motion for judgment n.o.v. From the judgment entered as the result of that action Fopma has noted this appeal.

On July 12, 1965, Jeffery Fopma, then seven years old, resided with his family on Wilhelm Drive in Lanham, Maryland. Directly to the rear of the Fopma house, there was a large, open drainage ditch running parallel to Wilhelm Drive and crossing beneath Nashville Road, a street that intersects Wilhelm Drive at right angles. Behind the houses on each side of the drainage ditch, the developer of the subdivision had erected a tall, wooden fence. At a distance of from three to four feet from the sidewalk on Nashville Road the Board had erected next to the drainage ditch a chain link fence forty-two inches high and fifty feet in length. In the area enclosed by the chain link fence there was some grass and a concrete covering over a drainage pipe which was six feet in diameter. An opening of 5.3 feet existed between each end of the chain link fence and the edge of the wooden fence.

On the day of the accident Jeffery and another youth

were riding their bicycles through one five foot opening in the fence, across the pipe that was covered with concrete, and through the other five foot opening, concluding the trip on the sidewalk. On several occasions Jeffery had been told by his parents not to play in that area because they considered it to be dangerous. During the course of the ride, either Jeffery or his bicycle slipped and the boy fell to the foundation level of the ditch and sustained severe injuries to his head and face.

At trial, the plaintiffs maintained that when the Board failed to erect a fence along the entire length of the ditch, it became negligent in permitting a dangerous condition to exist. The Board urged that no danger existed and that Jeffery was a trespasser at the time of the accident.

On appeal the question presented by the appellants is whether the trial court erred in granting the appellees' motion for a judgment n.o.v. We hold that the trial court's action was proper since Jeffery was a trespasser and under the authorities in this state "the owner of land owes no duty to a trespasser or licensee, even one of tender years, except to abstain from wilful or wanton misconduct and entrapment." *Herring v. Christensen,* 252 Md. 240, 241, 249 A. 2d 718, 719, quoting *Levine v. Miller,* 218 Md. 74, 79, 145 A. 2d 418, 421, and cases cited therein. As a general rule, a traveler who goes outside the bounds of a public right-of-way cannot recover from the municipality for injuries sustained as the result of a condition encountered beyond those limits. In *Birckhead v. Baltimore,* 174 Md. 32, 38, 197 A. 615, 618, a case where the plaintiff alleged that the municipality was negligent in placing a line of rocks near the edge of a highway, this Court noted:

". . . a reasonable person, acting prudently, would not be under obligation to erect barriers, signals, illuminated signs, or other warnings to relieve himself from liability to trespassing persons who must leave the highway to enter upon his property and there sustain injuries because

"of a collision with objects in common use and of no inherent danger, nor rendered dangerous by reason of their position."

In the instant case, the child was not injured on a public right-of-way, but fell in an area used for drainage purposes marked off by a fence. Under these circumstances, we conclude that the Board as well as a private owner could assert that the youth was a trespasser, who had to take the premises as he found them. See *Barnes v. Housing Authority,* 231 Md. 147, 189 A. 2d 100.

*Judgment affirmed.  Costs to be paid by appellants.*